967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lacy SIVAK, Plaintiff-Appellant,
v.
The STATE of IDAHO, Defendant-Appellee.
 No. 91-35362.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1992.*
Decided June 9, 1992.
 
 Before FARRIS, WILLIAM A. NORRIS and KOZINSKI, Circuit Judges.
 
 
 1
 Sivak's Writ of Review is properly construed as a 42 U.S.C. § 1983 complaint alleging inadequate access to the courts. See Gluth v. Kangas, 951 F.2d 1504, 1507 (9th Cir.1991) (fundamental right of access to courts requires state to provide adequate law libraries or assistance); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.1988) (court must construe pleadings liberally in civil rights action where plaintiff appears pro se). The writ nevertheless must be dismissed because a section 1983 action must be brought against state officials and cannot be brought against a state. See Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir.1991) (state is not a "person" for purposes of section 1983). The State of Idaho therefore is not a proper defendant. See id.
 
 
 2
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3